UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
CARYN T.,                                               :         3:23-CV-00676 (RMS)
*Plaintiff*,                                            :
v.                                                      :
:
COMMISSIONER OF SOCIAL                                  :
SECURITY,                                               :         DATE: September 17, 2024
*Defendant.*                                            :
------------------------------------------------------- x

**RULING ON BOTH THE DEFENDANT'S MOTION FOR REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND ON THE PLAINTIFF'S MOTION TO REVERSE THE COMMISSIONER'S DECISION**

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeks review of a final decision by the Commissioner of Social Security denying the plaintiff supplemental security income ("SSI"). (Doc. No. 1 at 2). The parties agree that the administrative law judge ("ALJ") erred by relying on a vocational expert who provided inconsistent testimony. However, the parties disagree as to the type of remand that is appropriate. The defendant moves to remand the case for further administrative proceedings, including a hearing. (Doc. No. 34). The plaintiff seeks judgment in her favor and remand for a calculation of benefits. (Doc. Nos. 36 & 37). For the following reasons, the Court **GRANTS** the defendant's Motion for Entry of Judgment and Remand Under Sentence Four and **DENIES** the plaintiff's Motion to Reverse for a benefits calculation.

**I.      ADMINISTRATIVE PROCEEDINGS**

The plaintiff filed an application for SSI on August 17, 2017, claiming that she had been disabled since August 1, 2017, due to thrombocytopenia[1], superior mesenteric artery ("SMA")

---

[1] "Thrombocytopenia is a condition that occurs when the platelet count in your blood is too low." *Thrombocytopenia*, NAT'L HEART, LUNG AND BLOOD INST., NAT'L. INST. HEALTH,

syndrome[2], fluid in her bone marrow, neck and spine injuries, bursitis in the right shoulder and left hip, a labral tear in her right hip, and drop foot.  (Doc. No. 28 (Certified Transcript of Administrative Proceedings, dated July 24, 2023 ["Tr."]) 127–128, 238–240).[3]  The plaintiff's application was denied initially and upon reconsideration.  (Tr. 126, 152).  Following a hearing, Administrative Law Judge ("ALJ") Brien Horan issued an unfavorable decision on March 15, 2019.  (Tr. 14–34).

At Step One of the five-step evaluation process, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the date of the application, August 17, 2017.  (Tr. 19 (citing 20 C.F.R. § 416.971 *et seq.*)).

At Step Two, the ALJ found that the plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, status post fusion L5-S1 in October 2008, history of right shoulder impingement and rotator cuff tendinitis, history of left shoulder labral tear, status

---

https://www.nhlbi.nih.gov/health/thrombocytopenia#:~:text=Thrombocytopenia%20is%20a%20condition%20that,plug%20to%20seal%20your%20wound (last updated Mar. 24, 2022).

[2] SMA syndrome, also known as Wilkie syndrome, is a rare condition in which the part of the small intestines that connects to the stomach is compressed by the superior mesenteric artery.  *See SMA Syndrome*, UNIV. OF MD. MED. CTR., https://www.umms.org/ummc/health-services/heart-vascular/services/vascular-disease/conditions/vascular-compressions/sma-syndrome#:~:text=Superior%20mesenteric%20artery%20syndrome%20(SMA,is%20pinched%20by%20two%20arteries (last visited Sept. 16, 2024) (describing SMA syndrome in simple terms).

[3] When the plaintiff filed the SSI benefits application on August 17, 2017, she also had an appeal pending before this district concerning a Title II claim for disability insurance benefits ("DIB").  (Tr. 37, 139–145). The DIB appeal reflects an earlier onset date of November 19, 2011, due to an injury to her neck and spine, bulging discs, narrowing of the disc and spurs, shoulder problems and spurs in both shoulders, and spasms on the left side of her spine. (Tr. 81–82, 103–110).  At the plaintiff's hearing for the SSI claim (*i.e.,* the subject of this appeal), her counsel clarified that the SSI onset date intentionally post-dates the Appeals Council's last action on the DIB claim (dated June 28, 2017).  (Tr. 38).  On August 26, 2019, the Court (Dooley, J.), reversed the ALJ's decision and remanded the case on the ground that the ALJ did not address and resolve an apparent "conflict" between the vocational expert's testimony and the Dictionary of Occupational Titles.  (*See Caryn T. v. Saul*, Case No. 3:17-cv-1451-KAD, Doc. No. 33 at 4–5).  The plaintiff, who sought remand solely for the calculations of benefits, appealed the Court's judgment, which the Second Circuit affirmed.  (*See Caryn T. v. Saul*, Case No. 3:17-cv-1451-KAD, Doc. Nos. 43, 55).

post-surgical repair, thrombocytopenia, left hip trochanteric bursitis, and a left knee partial meniscus tear." (Tr. 19).

The ALJ then concluded at Step Three that no impairment or combination of impairments met or medically equaled a Listing. (Tr. 20–22).

Before proceeding to the next step, the ALJ found that the claimant had a residual functional capacity ("RFC") to perform sedentary work "including lifting up to five pounds, no more than frequent balancing, [and] no more than occasional stooping, kneeling, crouching or climbing of ramps and stairs" with the following restrictions:

> would never be able to crawl or climb ladders, ropes or scaffolds, would be limited to no more than frequent reaching with the bilateral upper extremities, but only occasional reaching overhead with the right upper extremity, would be limited to no more than frequent handling with the non-dominant left hand and would require a position which allowed a sit to stand option at will.

(Tr. 23). The ALJ determined that the plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms is not entirely consistent with the medical evidence and other evidence in the record." (Tr. 24).

At Step Four, the ALJ found that the plaintiff did not have the capacity to do her past relevant work as a gambling dealer or supervisor. (Tr. 25).

Ending with Step Five, the ALJ concluded, "Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 24). The ALJ relied on the vocational expert's testimony, which was consistent with the Dictionary of Occupational Titles, and found that an individual with these factors could perform work as a final assembler, charge account clerk, and document preparer. (Tr. 26). The ALJ also noted that the medically determinable impairments did not

support the limitations posed in the attorney's hypotheticals; namely, "no more than occasional reaching bilaterally and no more than occasional push/pull activities." (*Id.*).

The plaintiff requested review of the decision, which was denied by the appeals council on April 13, 2023. (Tr. 1–6, 14). With this denial, the ALJ's decision became final. (*Id.*).

On May 23, 2023, the plaintiff filed her complaint in this pending action. (Doc. No. 1). A week later, the parties consented to the jurisdiction of a United States Magistrate Judge, and this case was transferred to the undersigned. (*See* Doc. No. 20).

Just before the case was transferred, the plaintiff filed two separate motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking reversal of the ALJ's determination and judgment in the plaintiff's favor. (*See* Doc. Nos. 16 & 17). The defendant filed its response on June 7, 2023. (Doc. No. 23). On June 15, 2023, the Court denied the motions without prejudice to renewal and directed the plaintiff to file a Motion to Reverse the Decision of the Commissioner and do so *after* the Certified Administrative Record was filed on the docket. (Doc. No. 25).

The defendant filed the Certified Administrative Record on July 25, 2023. (*See* Doc. No. 28). On August 9, 2023, the plaintiff filed another Rule 12(c) motion for a judgment on the pleadings. (*See* Doc. No. 30). The Court again denied the motion without prejudice on the ground that the plaintiff had failed to adhere to the Court's previous order directing her to file a Motion to Reverse the Decision of the Commissioner. (*See* Doc. No. 31). The plaintiff moved for reconsideration, (Doc. No. 32), and the Court ordered the defendant to respond by September 7, 2023 (Doc. No. 33). Instead, on August 24, 2023, the defendant moved to remand the case for additional administrative proceedings under sentence four of 42 U.S.C. § 405(g). (*See* Doc. No. 34). The following day, the plaintiff properly filed a Motion to Reverse, and, the day after that, she filed a response to the defendant's Motion to Remand. (*See* Doc. Nos. 36 & 37).

## II. STANDARD OF REVIEW

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). The Court's function is to first ascertain whether the ALJ applied the correct legal principles in reaching their conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). "If additional testimony is needed for the proper performance of this function, the court obtains it by remanding the case to the Secretary." *Zambrana*, 651 F.2d at 844.

## III. DISCUSSION

The sole issue before the Court is whether the case should be remanded for further proceedings or remanded solely for the calculation of benefits. (*See* Doc. No. 34 at 1; Doc. No. 36 at 1). For the reasons set forth below, the Court finds that the case should be remanded for further proceedings.

### A. Remand For Further Administrative Proceedings, Rather Than For The Calculation of Benefits, Is Appropriate.

The Court begins with the Commissioner's position. The defendant concedes that the ALJ improperly relied on internally inconsistent testimony from a vocational expert and requests that the case be remanded to the agency for additional proceedings, including a new hearing. (Doc. No. 34 at 1). The defendant argues that additional proceedings are necessary because there are conflicts in the evidence that must be resolved. (*Id.* at 2). Specifically, the defendant states that, although the ALJ's RFC determination prohibited lifting beyond five pounds (Tr. 23), the vocational expert only considered jobs that included lifting "up to ten pounds occasionally" (Tr. 77), and the ALJ relied on that testimony when he determined that jobs existed in the national

economy which the plaintiff could perform. (Tr. 26). (*See* Doc. No. 34 at 3). Setting this error aside, the defendant maintains that "the evidence could plausibly command a legally sufficient denial of benefits, and the discretion to resolve those conflicts lies solely with the Commissioner." (*Id.*). As such, the defendant states, "[T]his is not a case where there is 'persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.'" (*Id.*) (quoting *Patel v. Colvin*, No. 10 cv 04617 (ENV), 2013 WL 3873234, at *10 (E.D.N.Y. July 25, 2013)).

The Court now turns to the plaintiff's position. The plaintiff filed both a response to the defendant's motion (Doc. No. 37) and her own Motion to Reverse the Commissioner's Decision (Doc. No. 36).[4] In the response, the plaintiff briefly summarizes the parties' discussions before filing their respective motions, and she argues that the defendant fails to establish its motion was properly filed under Sentence Four. (Doc. No. 37 at 3–4). She also incorporates her Motion to Reverse wherein she argues that the ALJ made the following errors of law: (1) that "the Plaintiff was not disabled"; (2) that "the Plaintiff was capable of, Sedentary, work — (it was not supported by substantial evidence)"; (3) that the ALJ "use[d] VE testimony that conflicts with the LAW (and or the DOT etc.[ ])[ ] with emphasis on exertion levels SSR 00-4p"; (4) that the Commissioner "did not meet their burden of proof"; and (5) "in not finding that the Sedentary Job base—as a whole—was unquestionably entirely eroded-(extinct) for the Plaintiff." (Doc. No. 36 at 24–25). After lodging these arguments, the plaintiff states, "Further a Constitutional Challenge is entirely collateral to this substantive claim of entitlement." (*Id.* at 25). Throughout the motion, the plaintiff cites myriad sources, including the Americans with Disabilities Act, the Rehabilitation Act, various Social Security Rulings, the Code of Federal Regulations, language from the U.S. Bureau

---

[4] The defendant did not respond to her Motion to Reverse.

of Labor Occupations Requirement Survey, the SSA's Program Operations Manual System tables, case law, general negligence principles, the Equal Protection and Due Process clauses, and federal statutes such as 42 U.S.C. § 423(d)(1)(A) and 42 U.S.C. § 1983.  (Doc. No. 37 at 3).

As an initial matter, the Court has reviewed the legal authority cited in the plaintiff's Motion to Reverse and finds that this authority does not resolve the sole issue in this appeal, which is whether the case should be remanded for additional proceedings to further correct and develop the record or whether the case should be remanded solely for the calculation of benefits.  *See Johnson*, 817 F.2d at 985.  Because the Court's sole function on appeal is to ascertain whether the ALJ applied the correct legal principles and then decide whether the decision is supported by substantial evidence, the Court will not address any of the plaintiff's arguments that fall outside the scope of this review.  *See* 42 U.S.C. § 405(g) (stating that "the court shall review only the question of conformity with such regulations and the validity of such regulations"); *see also Zambrana*, 651 F.2d at 844 ("A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function.").

Here, the parties agree that remand is warranted.  But once a court determines that remand is warranted, it must then decide what *type* of remand is appropriate.  Remand "for further development of the evidence" is required "[w]hen there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  However, "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," a court may simply reverse and remand for a benefits calculation.  *Id.*; *c.f. Sonia N. B. A. v. Kijakazi*, No. 3:21-CV-00709-TOF, 2022 WL 2827640, at *10 (D. Conn. July 20, 2022) ("The Court has examined the entire administrative

7

record, and it has not found persuasive proof of the Plaintiff's disability. Remand for calculation of benefits would therefore be inappropriate.").

The Court concludes, consistent with the defendant's position, that there are "gaps in the administrative record" which require remand for further development of the evidence. At Step Five, it is the Commissioner's burden to prove that the claimant is capable of working. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2004); *see also* 42 U.S.C. § 416.960(c)(2) ("In order to support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors."). Under § 416.966 of Title 20 of the Code of Regulations, the Commissioner may use the services of a vocational expert if there is an open question as to "whether [the plaintiff's] work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue. . . ." 20 C.F.R. § 416.966(e).

In this case, when the Commissioner procured testimony from a vocational expert, he posed hypotheticals that left a gap in the record. The gap at issue concerns the plaintiff's lifting restriction and the vocational expert's testimony about available jobs in the national economy. The ALJ determined that the plaintiff had the RFC to perform "sedentary work," (Tr. 23, 25), defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," 20 C.F.R. § 416.927(a). Within this RFC, the ALJ further restricted the plaintiff, in relevant part, to "lifting up to five pounds," (Tr. 23), *i.e.*, lifting *no more than* five pounds. But at the earlier hearing, the ALJ asked the vocational expert several hypotheticals, including some that involved "sedentary work" with restrictions. (*See* Tr. 75–79). None of the "sedentary work" hypotheticals included a five-pound lifting restriction. (*See id.*). When the

plaintiff's counsel was given the opportunity to question the vocational expert, he asked whether the vocational expert's testimony would change if the "sedentary work" hypotheticals were limited to a "five-pound frequent lifting" restriction, and the vocational expert responded: "No, it would not because with sedentary it would be a negligible amount of weight up to ten pounds occasionally. So, no, I don't think that would eliminate those sedentary jobs." (Tr. 77). The vocational expert also testified that it was possible that the representative "sedentary work" jobs of final assembler, charge out clerk, and document preparer could require lifting of more than five pounds. (Tr. 78).

In other words, it is unclear whether an individual with a five-pound lifting restriction could perform the "sedentary jobs" of final assembler, charge out clerk, and document preparer. Because the vocational expert's testimony did not resolve whether any jobs in the national economy existed for an individual with a five-pound lifting restriction, the question remains open. This is a clear "gap in the administrative record." *See Parker*, 626 F.2d at 235; *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-cv-5268 (LJL), 2022 WL 2965954, at *18 (S.D.N.Y. July 27, 2022) (remanding for further proceedings where the ALJ failed to properly consider the vocational expert's testimony). Accordingly, the Court cannot conclude that there is "no purpose" to remanding "for further evidentiary proceedings." *Id.* The ALJ must hold a new hearing to ask the appropriate questions of the vocational expert and establish what jobs, if any, the plaintiff could perform with a five-pound lifting restriction.

The plaintiff believes that she is automatically entitled to SSI benefits because "sedentary work" *requires* lifting up to ten pounds, yet she was given a five-pound lifting restriction. (*See* Doc. No. 36 at 29). The plaintiff has not provided any legal authority, nor is the Court aware of

9

any, that supports her position.[5] Indeed, the plaintiff argues that the vocational expert's testimony is "unusable," (*id.* at 30), which supports the Court's conclusion that the case should be remanded so another vocational expert can testify about hypotheticals applicable to the plaintiff's circumstances.

      **B.**      <u>**A "Sentence Four" Remand Is Appropriate.**</u>

Section 405(g) of Title 42 of the United States Code sets forth the district court's judicial authority to remand an appeal. "In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). "Sentence Four" of § 405(g) gives the Court the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner. 42 U.S.C. § 405(g). In contrast, "Sentence [S]ix permits the district court to remand *without making any substantive ruling as to the correctness of the Commissioner's decision*, but only (i) where the Commissioner so moves before answering the complaint, or (ii) where additional, material evidence is required that was for good cause not presented before the administrative agency. . . ." *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999) (emphasis added).

The parties appear to dispute whether the case should be remanded pursuant to Sentence Four or Sentence Six. The defendant moves to remand the case for further administrative proceedings pursuant to Sentence Four. (Doc. No. 34 at 1). The plaintiff argues that a Sentence Four remand can only be issued "after trial in conjunction with a judgment and an order affirming[,] modifying[,] and[/] or reversing the decision of the Commissioner." (Doc. No. 37 at

---

[5] The plaintiff also argues she is automatically entitled to SSI benefits because she cannot sit for six out of eight hours. Again, she has not provided persuasive legal authority supporting a remand for the calculation of benefits, rather than a remand for further development of the record.

10

4).  She instead characterizes the defendant's motion as being improperly brought under Sentence Six of 42 U.S.C. § 405(g).  (*Id.* at 4).

It is undisputed that the ALJ committed a reversible error.  The Court clarifies that a court may remand a case under Sentence Four when, as is the case here, the Commissioner concedes the ALJ erred and moves for judgment reversing its decision.  (*See* Doc. No. 34 at 1).  Because the Court finds that the ALJ erred at Step Five, the Court concludes that remand is more appropriate under Sentence Four.  Practically speaking, a Sentence Four remand enables the plaintiff to appeal this Court's judgment.  *See Garces v. Comm'r of Soc. Sec.*, No. 21-1075-cv, 2022 WL 4350109, at *1 (2d Cir. Sept. 20, 2022) (summary order) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991)).  A Sentence Six remand, on the other hand, is considered a non-appealable ruling, because the federal court retains jurisdiction while the agency further develops the record.  *See Raitport*, 183 F.3d at 104 ("Sentence six remand orders are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ."); *see also Butts*, 388 F.3d at 384 n.4 ("Sentence four remands are distinct from sentence six remands in that sentence four remands are appealable because they are part of a final judgment disposing of the action while sentence six remand orders are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ.") (cleaned up).  Should the plaintiff wish to appeal this Court's Sentence Four remand, she may do so as long as it is within 60 days of judgment.  *See* Fed. R. App. P. 4(a)(1)(B); Fed. R. Civ. P. 73(c).

### IV. CONCLUSION

For the reasons stated above, the defendant's Motion for Entry of Judgment Under Sentence Four with Reversal and Remand (Doc. No. 34) is **GRANTED** such that the decision of

the Commissioner is reversed, and this matter is remanded for additional proceedings consistent with this ruling.  On remand, the Commissioner shall hold a hearing and prompt a vocational expert to testify about whether there are any jobs in the national economy that exist for a person with the plaintiff's RFC to perform "sedentary work" with a five-pound lifting restriction.  20 C.F.R. § 416.966(a), (b).  Accordingly, the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 36) is **DENIED**.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Dated this 17th day of September, 2024 at New Haven, Connecticut.

/s/ Robert M. Spector, U.S.M.J.
Robert M. Spector
United States Magistrate Judge